UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AQUALINA ETHERIDGE, on behalf of herself and all others similarly situated, | ) ) ) | CASE NO. 1:21-cv-00179 |
| | ) | JUDGE DAN AARON POLSTER |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| | ) | **JOINT MOTION FOR FINAL** |
| VITA-MIX MANUFACTURING CORPORATION, | ) ) ) | **APPROVAL OF CLASS ACTION SETTLEMENT** |
| Defendant. | ) ) | |

## I.     INTRODUCTION

Plaintiff Aqualina Etheridge ("Representative Plaintiff, "Class Representative," or "Plaintiff"), on behalf of herself and the members of the proposed settlement class ("Class" or "Class Members" or "Plaintiffs"), and Defendant Vita-Mix Manufacturing Corporation ("Defendant" or "Vitamix"), respectfully move this Court to finally approve the Class Action Settlement Agreement ("Settlement Agreement") between Representative Plaintiff and Defendant, and enter the Order attached hereto as Exhibit B.

On July 21, 2021, the parties filed their Joint Motion for Preliminary Approval of Class Action Settlement.  (*See* ECF No. 16.)

On July 22, 2021, this Court entered an Order preliminarily approving the settlement in this action ("Preliminary Approval Order").  (ECF No. 18.)  The Order also conditionally certified the Class, approved the content of the Notice of Proposed Settlement of Class Action and Fairness Hearing ("Class Notice") and the procedure for distributing the Class Notice, and scheduled the Fairness Hearing for October 25, 2021 at 12:00 p.m. via Zoom.  (ECF No. 18.)

The settlement administration procedures ordered by the Court have now been completed, as summarized in the Declaration of Jodi Belmont Berbrich, Project Manager at

1

Analytics Consulting LLC ("Analytics"), attached hereto as Exhibit A. The Class Notice has been distributed to the Class Members in the form and manner approved by this Court and all deadlines for Class Members to submit requests for exclusion and/or objections to the settlement have passed. (Exhibit A, Berbrich Decl., ¶¶ 5, 7-8.) Zero (0) objections and zero (0) requests for exclusion were received. (*Id.* at ¶¶ 7-8.)

II. **SUMMARY OF NOTICE PROCESS**

A summary of the litigation, the terms of the Settlement Agreement, and fairness and adequacy of the settlement are set forth in the parties' Joint Motion for Preliminary Approval and related declaration, which the parties incorporate by reference. (*See* ECF No. 16.)

On July 28, 2021, in accord with the Preliminary Approval Order, Defense Counsel provided Analytics with the names and last known mailing addresses of the Class Members. (Ex. A, ¶ 3.) Analytics processed the records through NCOA to standardize and update the mailing addresses prior to mailing the Class Notice. (*Id.* at ¶ 4.) On August 20, 2021, Analytics sent by First Class Mail the "Class Notice" to the 536 Class Members. (*Id.* at ¶ 5, Ex. 1.) The Class Notice explained that Class Members had until September 20, 2021 to request exclusion from or object to the settlement. (*Id.* At Ex. 1.) No objections or requests for exclusion were received by Analytics, Class Counsel, or Defense Counsel. (Ex. A, ¶¶ 7-8.)

### III. CALCULATION OF INDIVIDUAL PAYMENTS

Class Counsel also calculated the proposed schedule of individual payments. (*See* ECF No. 16-1, Schedule of Individual Payments.) Pursuant to the Settlement Agreement, Representative Plaintiff and the Class Members are eligible for individual payments. The spreadsheet attached to the Settlement Agreement, filed with the Parties' Joint Motion for Preliminary Approval (*Id.*), lists the individual payments to Representative Plaintiff and the Class Members, calculated according to the method described in the Settlement Agreement. The Class encompasses 536 individuals, including those who were or are employed by Vitamix as non-exempt Assemblers 1, 2, or 3 or Team Leads at its manufacturing facilities at any time between January 21, 2018 and February 27, 2021, including Representative Plaintiff, as well as those who signed and filed consent to join forms in this action.

The individual payments for which Class Members are eligible have been calculated proportionally on each Class Member's alleged overtime damages based on an additional six (6) to seven (7) minutes per day worked from January 21, 2018 to February 27, 2021 with a minimum payment of $25.00 per Class Member. The Calculation Period for Representative Plaintiff and the Class Members shall mean the period between January 21, 2018 and February 27, 2021. The calculations remain the same as submitted with the Joint Motion for Preliminary Approval. The Parties respectfully request that this proposed Schedule of Individual Payments be finally approved by the Court.

## IV. ARGUMENT

### A. The Court Should Grant The Parties' Request For Final Approval Of The Settlement, Including The Service Award, Attorneys' Fees, And Litigation Costs

#### 1. Standard for Final Approval of a Class Settlement

Federal Rule of Civil Procedure 23 provides that the claims of a certified class "may be settled" "only with the court's approval." Fed. R. Civ. P. 23(e). Three steps must be taken by the court in order to approve a class action settlement under Rule 23 and the Fair Labor Standards Act ("FLSA"): "(1) the court must preliminarily approve the proposed settlement, (2) members of the class must be given notice of the proposed settlement, and (3) after holding a hearing, the court must" determine whether the settlement is fair, reasonable, and adequate. *Brotherton v. Cleveland*, 141 F. Supp. 2d 894, 903 (S.D. Ohio 2001) (citing *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983)).

Courts in the Sixth Circuit consider the following seven factors in assessing whether a class action settlement is fair, reasonable, and adequate: "(1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the [action]; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and [the] class representatives; (6) the reaction of absent class members; and (7) the public interest." *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007); *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992); *Vukovich*, 720 F.2d at 922-23. "The law generally favors and encourages the settlement of class actions" and after the court preliminarily approves such a settlement, it is considered to be presumptively reasonable. *See Reed v. Rhodes,* 869 F. Supp. 1274, 1279 (N.D. Ohio 1994) (citing *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981)); *Vukovich*, 720 F.2d at 921 (citations omitted).

### 2. Application of Relevant Criteria

#### a) Risk of fraud or collusion

The courts "presume the absence of fraud or collusion" in class settlements unless there is evidence to the contrary. *Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818, 838 (E.D. Mich. 2008); *In re Art Materials Antitrust Litig.,* 100 F.R.D. 367, 371 (N.D. Ohio 1983). Here, settlement negotiations were initiated only after the Parties investigated their claims and defenses, researched the legal issues, engaged in document discovery, and analyzed payroll data. (*See* ECF No. 16-2, ¶¶ 18-24.) The Parties ultimately reached agreement assisted by attorneys with extensive experience litigating wage-and-hour class claims. (*See Id.*, ¶¶ 1-14.)

Both sides acknowledged the risks each faced on the merits and class issue, and decided that settlement eliminated these risks, benefited the Class and avoided further time and expense. Since the Parties were fully informed, engaged in arms-length negotiations, and were aided by experienced counsel, their agreement is free from fraud and collusion. (*See Id.*); *Leonhardt*, 581 F. Supp. 2d at 838.

#### b) The complexity, expense, and likely duration of the litigation favor settlement

The policy favoring the settlement of class actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. The Parties continue to disagree over the merits of Plaintiffs' claims. Defendant asserts that even if a jury found that unpaid pre-shift work was performed, it would also find that such work was *de minimus* and thus not compensatory. Further, the Parties continue to disagree over the number of minutes it takes for the Class Members to perform the alleged unpaid pre-shift work. While the Parties agreed that the two-year statute of limitations applied under Ohio law, they disagreed whether the two-year limitations period for non-willful

violations or three-year limitations period for willful violations applied under the FLSA. Defendant claims that even if Plaintiffs could succeed on the merits (which it contends they could not), Plaintiffs cannot prove a willful violation of the law, and thus, no wages would be owed for the 3rd year of the three-year limitations period. In addition, the Parties disagree as to whether Plaintiffs could recover liquidated damages under the FLSA.

The expense and delay plaintiffs would incur if they pursued their claims through trial and appeal must be balanced against the recovery provided by the settlement. *See Dick v. Sprint Commc'ns Co.*, 297 F.R.D. 283, 295 (W.D. Ky. 2014). Without settlement, the Parties would likely engage in further discovery and briefing on class certification and summary judgment. Trial would involve extensive testimony from numerous witnesses. And any final judgment would likely be appealed, thereby extending the duration of the litigation.

If forced to litigate this case further, the Parties would certainly engage in complex, costly and protracted wrangling. The settlement, on the other hand, provides substantial relief to Representative Plaintiff and the Class Members promptly and efficiently, and amplifies the benefits of that relief through the economies of class resolution. Settlement now avoids further expense and delay and guarantees a recovery of between approximately six (6) and seven (7) additional minutes per day in overtime damages for alleged unpaid pre-shift work, after the deduction of attorneys' fees and costs and the service award to Representative Plaintiff. (*See* ECF No. 16-2, ¶¶ 31, 32.) Therefore, the risks and potential expense of further litigation weigh in favor of final approval, consistent with the established policy preferring settlement over further time-consuming litigation.

### c) The amount of discovery engaged in by the parties

The Parties engaged in substantial investigation prior to negotiating the Settlement Agreement. (*See* ECF No. 16-2, ¶¶ 18-24.) Relevant information was exchanged, including a complete analysis of each Class Member's alleged overtime damages and hours worked. (*Id.* at ¶ 22, 31.) In addition, Class Counsel obtained investigation notes and declarations from Representative Plaintiff and other Class Members, and the legal issues in the case were thoroughly researched by counsel for the Parties. (*Id.* at ¶¶ 22-24.) Therefore, the issues in this action were thoroughly researched by both sides and all aspects of the dispute are well-understood by the Parties. *Levell v. Monsanto Research Corp.*, 191 F.R.D. 543, 556-57 (S.D. Ohio 2000).

### d) The likelihood of success on the merits

"The likelihood of success . . . provides a gauge from which the benefits of the settlement must be measured." *In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984). Given the factual and legal complexity of this matter, it is difficult to assess Plaintiffs' likelihood of success at trial. Plaintiffs' claims are based on disputed issues of fact and law and Plaintiffs' success at trial is far from guaranteed. In sum, although Plaintiffs assert that the Class claims are meritorious, the action certainly is not without risk. This factor thus weighs in favor of final approval.

Counsel for both sides believe in the merits of their clients' positions, but nonetheless recognize that the litigation of claims is uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendant raises affirmative defenses to Plaintiffs' claims, and the outcome of those defenses is uncertain as well. Continued litigation would be risky for all and at each stage, including certification, decertification, summary judgment, and trial.

Even if Plaintiffs succeed on the merits of their claims, the amount of recovery is uncertain and something upon which the Parties continue to disagree. Even if Plaintiffs were to succeed on the merits, there is the possibility that a jury would find that it took less than six (6) minutes to perform the alleged unpaid pre-shift work. A jury could also find that Defendant did not act willful, and thus a two (2) year statute of limitations would apply. Finally, a jury could find that Defendant acted in good faith. All of these scenarios would result in a monetary award of less than the amount obtained through this settlement. The proposed settlement outlined in the Settlement Agreement recovers approximately between six (6) and seven (7) additional minutes per day in overtime damages for alleged unpaid pre-shift work, after the deduction of attorneys' fees and costs and the service award to Representative Plaintiff, and provides that Class Members who would be owed less than $25 using the calculation formula set forth in the Settlement Agreement will receive a $25 minimum payment.

### e) Class Counsel and Class Representative favor settlement

The endorsement of experienced class counsel "is entitled to significant weight, and supports the fairness of the class settlement." *UAW v. Ford Motor Co.*, No. 07-CV-14845, 2008 WL 4104329, at *26 (E.D. Mich. Aug. 29, 2008). Here, Class Counsel believes the settlement is fair, reasonable, and adequate. (*See* ECF No. 16-2, ¶ 33.) Class Counsel has experience in wage and hour class actions, has acted in good faith, and has vigorously represented their clients in negotiating the settlement. Representative Plaintiff has been fully informed and involved in the settlement process and has signed the Settlement Agreement. *Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d 521, 533 (E.D. Ky. 2010), *aff'd sub nom. Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235 (6th Cir. 2011).

### f) The reaction of absent Class Members

The absence of Class Member objection indicates that the Class supports the settlement. *Connectivity Sys. Inc. v. Nat'l City Bank*, No. 2:08-cv-1119, 2011 WL 292008, at *6 (S.D. Ohio Jan. 26, 2011); *In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 248 F.R.D. 483, 498-99 (E.D. Mich. 2008) (small number of opt-out requests indicative of the adequacy of the settlement).

Here, the Class Notice was sent to Class Members in accord with the Preliminary Approval Order. (Ex. A, ¶ 5, Ex. 1.) Class Members were informed of their right to object to or opt out of the settlement and they were provided 30 days to do so. No objections were received and no Class Members requested to be excluded. (*Id.* at ¶¶ 7-8.) These facts all indicate approval of the settlement by the Class. Accordingly, this factor favors final approval of the settlement.

### g) Settlement is in the public interest

"[T]he law generally favors and encourages the settlement of class actions." *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981). The settlement ends complex litigation that has been pending for approximately (9) months and provides substantial relief to Class Members and avoids protracted, costly litigation. *See Brotherton*, 141 F. Supp. 2d at 905-06. The terms of the settlement are equitable and provide a reasonable resolution of the action. The Class Members will receive between approximately six (6) and seven (7) additional minutes per day in overtime damages for alleged unpaid pre-shift work, after the deduction of attorneys' fees and costs and the service award to Representative Plaintiff. (*See* ECF No. 16-2, ¶ 32.) Additionally, Class Members who would be owed less than $25 using the calculation formula set forth in the Settlement Agreement will receive a minimum payment of $25. As such, a recovery of between

9

six (6) and seven (7) minutes per shift of pre-shift work, particularly in such an efficient manner as occurred in this case, is considered in the public interest. Continued litigation would serve to increase the attorneys' fees and costs, with no guarantee of a larger verdict in favor of the Class Members.

## V.  CONCLUSION

For the above reasons, and for the reasons stated in the Parties' Joint Motion for Preliminary Approval of Class Action Settlement (ECF No. 16), the proposed settlement should be finally approved by the Court, including the service award, attorney's fees, and litigation costs. The Parties submit an updated version of the agreed Final Order and Judgment Entry, incorporating the above events. (*See* Exhibit B.) The settlement is fair, reasonable, and adequate and provides Class Members a substantial benefit, given the meaningful risks and substantial expense associated with continued litigation.

Respectfully submitted,

| | |
|---|---|
| /s/ Chastity L. Christy | /s/John Gerak |
| Chastity L. Christy (0076977) | John Gerak (0075431) |
| Anthony J. Lazzaro (0077962) | Amanda T. Quan (0086623) |
| Lori M. Griffin (0085241) | Samuel H. Ottinger (0099034) |
| The Lazzaro Law Firm, LLC | Ogletree, Deakins, Nash, Smoak & Stewart, P.C. |
| The Heritage Building, Suite 250 | Key Tower |
| 34555 Chagrin Boulevard | 127 Public Square, Suite 4100 |
| Moreland Hills, Ohio 44022 | Cleveland, OH  44114 |
| Phone: 216-696-5000 | 216-241-6100 |
| Facsimile: 216-696-7005 | 216-357-4733 (FAX) |
| anthony@lazzarolawfirm.com | Email: john.gerak@ogletree.com |
| chastity@lazzarolawfirm.com | amanda.quan@ogletree.com |
| lori@lazzarolawfirm.com | samuel.ottinger@ogletree.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2021, a copy of the foregoing *Joint Motion For Final Approval Of Class Action Settlement* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ Chastity L. Christy
Attorney for Plaintiff