IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AQUALINA ETHERIDGE, | Case No. 1:21-cv-00179 |
| Plaintiff, | The Honorable Dan Aaron Polster |
| v. | **FINAL ORDER AND JUDGMENT ENTRY** |
| VITA-MIX MANUFACTURING CORPORATION, | |
| Defendant. | |

Plaintiff Aqualina Etheridge (the "Representative Plaintiff" or "Class Representative" or "Plaintiff"), on behalf of herself and the members of the proposed settlement class (the "Class" or "Class Members" or "Plaintiffs"), and Defendant Vita-Mix Manufacturing Corporation ("Defendant" or "Vitamix") have moved the Court to approve, as fair, reasonable, and adequate, the settlement outlined in the Settlement Agreement between the Representative Plaintiff and Defendant pursuant to Fed. R. Civ. P. 23(e).[1]

Having reviewed the Settlement Agreement, as well as the Parties' Joint Motion for Final Approval of Class Action Settlement ("Motion for Approval"), the Declaration of the Third-Party Settlement Administrator appended thereto, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Final Order and Judgment Entry ("Final Order") and hereby ORDERS, ADJUDGES, AND DECREES as follows:

1. On January 21, 2021, Representative Plaintiff Aqualina Etheridge filed this Action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 under the Ohio Minimum Fair

---

[1] Unless otherwise defined, all terms used in this Final Order have the same meanings as defined in the Settlement Agreement.

Wage Standards Act ("OMFWSA"), O.R.C. § 4111.03. Plaintiff alleged that Defendant paid Plaintiff and similarly-situated employees only for work performed between their scheduled start and stop times, and that they were not paid for the following work performed before and after their scheduled start and stop times: a) changing into and out of their personal protective equipment, including but not limited to a mask, sleeves, gloves, earplugs and/or safety glasses; b) attending a team/line meeting and getting instructions on how to perform their manufacturing work; c) getting tools and equipment such as drills, plastic pieces, blades, wiring, boards, lids, and tops, that were necessary to perform their manufacturing work; d) walking to their assigned area of the manufacturing floor; and/or d) performing their manufacturing work.

2. Between February 2021 and May 2021, the Parties engaged in an informal yet comprehensive exchange of information regarding Plaintiff's claims and Defendant's defenses to such claims. This included a complete analysis of each Class Member's alleged overtime damages.

3. Between May 2021 and June 2021, the Parties engaged in extensive settlement negotiations. On June 19, 2021, the Parties reached the proposed settlement in this matter after multiple discussions and the exchange of correspondence, and after good faith bargaining between Counsel.

4. The Parties' Motion for Final Approval was filed on October 1, 2021.

5. The Settlement Agreement proposes to settle claims of the Representative Plaintiff and the proposed Class. The proposed settlement is subject to approval by the Court pursuant to Fed. R. Civ. P. 23(e).

6. The issues in this case were contested. The Settlement Agreement was achieved after arms-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating claims under the FLSA and the OMFWSA.

7. On July 22, 2021, the Court entered a Preliminary Order provisionally certifying the Class pursuant to Rule 23(a) and (b)(3), granting preliminary approval of the Settlement Agreement pursuant to Rule 23(e), and approving the form, content, and method of distribution of the Class Notice to Class Members. The Court provisionally approved Representative Plaintiff as Class Representative of the Class, and her service award, and appointed as Class Counsel Anthony J. Lazzaro, Chastity L. Christy, and Lori M. Griffin of The Lazzaro Law Firm, LLC, and the payment of attorneys' fees and costs to Class Counsel.

8. The Parties have filed with the Court a Declaration of the Third-Party Settlement Administrator verifying that the Class Notice was distributed to the Class Members in the form and manner approved by the Court.

9. The Fairness Hearing was convened as noticed on October 25, 2021.

10. The Court finds that the Class Members were given notice of the pendency of this Action, the proposed settlement, and the date of the Fairness Hearing as ordered by the Court. The Court further finds that the Class Notice was reasonable and the best notice practicable, and satisfied all of the requirements of Civ. R. 23 and due process.

11. As to the Class, the Court finds that the proposed settlement satisfies the standard for final approval of a class action settlement under Fed. R. Civ. P. 23(e). The proposed Class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority. Representative Plaintiff is an adequate representative of the Class in that she is a member of the

Class and possesses the same interests and suffered the same alleged injuries as the Class's other members. The definition of the Class encompasses persons with like factual circumstances and like claims. The Individual Payments made available to the Class Members are commensurate with their alleged claims. The Court finds that the proposed settlement is fair, reasonable, and adequate as to the Class, and qualifies for final approval under Rule 23(e).

12. The Court grants final approval of the settlement and orders that it be implemented according to its terms and conditions and as directed in the Settlement Agreement.

13. The Court approves the method of calculation and proposed distribution of Individual Payments. The Total Settlement Amount is to be distributed to the Class Members in Individual Payments, which are calculated proportionally on each Class Member's alleged overtime damages based on an additional 6-7 minutes per day worked during the period between January 21, 2018 and February 27, 2021, with a minimum payment of $25.00 per Class Member. The Parties have submitted the proposed Schedule of Individual Payments to the Court for approval. The Court approves the Schedule of Individual Payments and orders that such Individual Payments be distributed in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

14. The Court approves the Class Representative Service Award Payment to the Representative Plaintiff in recognition of her services in this Action, and orders that such payment be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

15. The Court approves the Attorneys' Fees and Costs Payment as provided in the Settlement Agreement to Class Counsel in the amount set forth in the Settlement Agreement, and

orders that such payment be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

16. Upon distribution of Individual Payments to all Class Members,[2] each such individual releases and discharges all Released Persons with respect to all Released State Law Claims through the Released Period. Upon negotiation of Individual Payment checks by Class Members, each such individual releases and discharges all Released Persons with respect to all Released Federal Law Claims through the Released Period. The Representative Plaintiff also releases claims as provided in the separate Settlement and Release Agreement entered into between the Representative Plaintiff and Defendant.

17. The Court DISMISSES THIS ACTION WITH PREJUDICE.

18. The Parties are to bear their respective attorneys' fees and costs except as provided in the Settlement Agreement.

19. This Court retains jurisdiction over this Action for the purpose of enforcing the Settlement Agreement.

20. There being no just reason to delay entry of this Final Order, the Court orders the Clerk of the Court to enter this Final Order immediately.

IT IS SO ORDERED this _____ day of _____, 2021.

_____
Honorable Dan Aaron Polster
United States District Court Judge

---

[2] No Class Members submitted requests for exclusion.